UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JB BURNS JR, § | |
| Individually and on behalf of all others § | |
| similarly situated, § | Docket No. |
| § | |
| *Plaintiff*, § | |
| § | JURY TRIAL DEMANDED |
| v. § | |
| § | COLLECTIVE ACTION |
| BCA ENERGY LLC AND § | PURSUANT TO 29 U.S.C. § 216(b) |
| HEART EMPLOYEE § | |
| LEASING, INC., § | |
| § | |
| *Defendants*. § | |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Plaintiff JB BURNS, JR., files this lawsuit against BCA ENERGY, LLC, ("BCA") and HEART EMPLOYEE LEASING, INC. ("HEART") (collectively, "Defendants") for failing to pay Plaintiff and all other similarly situated employees at one and one half times their regular rate of pay for all hours worked in excess of forty in a single workweek. Specifically, Defendants pay their hourly workers a daily per diem. The per diem represents compensation that is primarily for the benefit and convenience of the workers. As a result, the Fair Labor Standards Act ("FLSA") requires that this type of compensation, and all remuneration received, be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem was not used in calculating the regular rate of pay, Defendants hourly workers were not properly compensated at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a single week. This collective action seeks to recover the additional overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

4. Plaintiff JB Burns, Jr. worked for Defendants as an hourly worker during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The class of similarly situated employees ("Putative Class Members") consists of:

**ALL INDIVIDUALS WHO WORKED FOR BCA ENERGY, LLC WITHIN THE PAST THREE YEARS, PAID BY THE HOUR, AND RECEIVED A PER DIEM.**

6. BCA Energy, LLC is a Texas limited liability corporation with its principal place of business in Ovalo, Texas. BCA may be served with process through its registered agent: Triple C GP, Inc., 7502 Shadyville Drive, Houston, Texas 77055.

7. Heart Employee Leasing, Inc. is a Texas corporation with its principal place of business in Porter, Texas. Heart may be served with process through its registered agent: Douglas L. Lowery, 21977 E. Wallis Drive, Porter, Texas 77365.

8. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

## IV. FACTS

9. BCA is an oilfield service company operating throughout Texas, including in the Southern District of Texas and the Eagle Ford Shale. http://www.bca-energy.com/BCAServices.html. BCA performs many services, including pipeline construction and maintenance, compressor facility construction, and site work construction. *Id.*

10. BCA contracts with Heart to find and retain employees. Heart specializes in placing employees in long-term, non-project related employment relationships, while maintaining the administrative responsibilities traditionally handled by the human resources department of the worker's employer. http://hearthr.com/about/index.html

11. According to its website, Heart maintains a "co-employment relationship with the worksite employee and the client company in which both Heart HR and the client company have a relationship with the worker. Both Heart HR and the client company actually contractually allocate some and share other traditional employer responsibilities and liabilities." http://hearthr.com/about/index.html

12. According to Heart, "From a legal and practical point of view, arrangements like this are described as co-employment. Employees have, in essence, two employers: one is referred to as the Client Company or Workplace Employer that directs their actions in the workplace, and the other legally considered the Employer of Record that generated paychecks, provides health and workers' compensation insurance, and assists in work-related interpersonal and legal issues." http://hearthr.com/what/index.html

13. Plaintiff worked for Defendants as an hourly worker. In addition to his hourly rate, Plaintiff received a $100.00 per diem each day he worked that was intended to reimburse him for things like lunch, rent, and other normal everyday expenses. The per diem was intended to reimburse Plaintiff and all Putative Class Members for expenses normally incurred by an employee for his own benefit and convenience. Separate and apart from per diem, Plaintiff also received expense reimbursements from Defendants. A redacted copy of Plaintiff's paystub has been attached Exhibit B.

14. Defendants do not consider or include the per diem when calculating the regular

rate of pay for overtime purposes.

15. Because the per diem is not used to reimburse Plaintiff or the Putative Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage intended to circumvent FLSA and IRS requirements.

16. The per diem should be included in the regular rate calculation for overtime purposes.

17. As such, Plaintiff and the entire Putative Class Members were not properly compensated at one and one half times their regular rate – as defined by the FLSA – for all overtime worked in excess of forty hours in a single workweek.

## V. FLSA VIOLATIONS

18. During the relevant time period, Defendants have violated, and are violating, Section 7 of the FLSA by failing to include the per diem rate in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee. . . .); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses.""). As such, Defendants have failed to properly pay Plaintiff and the Putative Class Members overtime wages at one and one half times their regular rate for all hours worked in excess of forty hours per workweek.

19. None of the exemptions or exclusions provided by the FLSA allow Defendants to ignore the amount of the per diem in calculating the regular rate of pay for overtime purposes when applicable.

20. Defendants knowingly, willfully, and in reckless disregard carried out its illegal pattern or practice of excluding the per diem from the regular rate calculation for purposes of overtime. The decision by Defendants not to properly pay overtime compensation to their hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to one and one half their regular rate of pay – as defined within the FLSA - plus liquidated damages, attorney fees, costs and expenses.

## VI.     COLLECTIVE ACTION ALLEGATIONS

21. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that their hourly regular rate did not include the per diem for overtime purposes.

22. Plaintiff has actual knowledge that the Putative Class Members have been subject to the same or similar compensation scheme. Plaintiff worked with many individuals employed by Defendants and has personal knowledge that they were also paid a per diem that was not considered part of the regular rate of pay for purposes of calculating overtime.

23. While Putative Class Members job titles may differ, they are all victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of pay provisions and employment practices.

24. All Putative Class Members receive a per diem reimbursement for expenses normally incurred by an employee for his or her own benefit, which is not considered by

Defendants as part of the regular rate for purposes of calculating overtime.

25.     The Putative Class Members regularly work or have worked in excess of forty hours during a workweek.

26.     The per diem reimbursement does not fall within the few and narrow exclusions of the FLSA.

27.     The Putative Class Members are similarly situated to Plaintiff in terms of pay structure and the denial of one and one half their regular rate for all hours worked over forth in a week as required by the FLSA.

28.     Defendants' failure to include the per diem into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on the personal circumstances of the Putative Class Members.

29.     The job specific titles or precise job responsibilities of each Putative Class Member does not prevent collective treatment.

30.     All Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one and one half times their regular rate of pay – as defined by the FLSA – for all hours worked in excess of forty hours in a single workweek.

31.     Although the exact amount of damages may vary among Putative Class Members, the damages for the Putative Class Members can be easily calculated by a simple formula, because all hours worked by the Putative Class Members were recorded by a time keeper.

32.     The claims of all Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Putative Class Members.

33. In sum, Defendants' failure to include the per diem into the Putative Class Members' regular rate of pay calculation for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

34. Notice should be issued to the Putative Class Members.

## VII.   JURY DEMANDED

35. Plaintiff hereby demands a trial by jury.

## VIII.   RELIEF SOUGHT

36. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d. For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  f.  For an Order granting any such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Andrew Dunlap
Fed. Id. 1093163
State Bar No. 24078444
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
**FIBICH, LEEBRON, COPELAND**
**BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet Street
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
adunlap@fibichlaw.com
mjosephson@fibichlaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**